UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JANEEK L. WIGGAN,**

    **Movant,**

v.                                   **Case No. 2:00-cr-00005-1**
                                          **Case No. 2:07-cv-00639**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Following a jury trial conducted between April 6, 2000 and April 10, 2000, Janeek L. Wiggan (hereinafter "Defendant") was convicted of two conspiracy offenses relating to distribution of cocaine, in violation of 21 U.S.C. § 846 (docket ## 80, 88). The sentencing hearing occurred on July 5, 2000. The judgment order, imposing a sentence of 262 months of imprisonment, to be followed by a five year term of supervised release, was entered April 26, 2002 (# 145).

On February 11, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence. United States v. Wiggan, No. 00-4318, 58 Fed. Appx. 975 (4th Cir., Feb. 11, 2003). Defendant did not file a petition for a writ of certiorari with the Supreme Court of the United States. Accordingly, Defendant's conviction became final on May 12, 2003, ninety days after entry of judgment. 28 U.S.C. § 2101(c).

On January 11, 2006, court personnel other than the Clerk received Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, but it was not promptly docketed. Because the Motion was not docketed, no action was taken on it. On October 3, 2007, Defendant filed a Motion Requesting Judgment on Pleadings (# 193), in which he advised that he had filed the § 2255 Motion on January 10, 2005 [sic; 2006], and had heard nothing further. This prompted a search for the Motion; it was located and docketed *nunc pro tunc* January 11, 2006, and assigned Case No. 2:07-cv-00639. The January 11, 2006 filing date was assigned based on the postmark on the envelope. Whether a filing date of 2005 or 2006 is assigned to the Motion is immaterial; it is still untimely under § 2255.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if

> the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Movant's conviction became final on or about May 12, 2003, when the time for filing a petition for writ of certiorari expred, and none of the other events specified in section 2255 are applicable in this case.  Therefore, Movant's time to file his section 2255 motion expired on or about May 12, 2004, and his petition is untimely.

The undersigned proposes that the presiding District Judge **FIND** that Movant's § 2255 motion, was filed after the expiration of the statute of limitations and is untimely.

It is respectfully **RECOMMENDED** that the § 2255 motion be dismissed with prejudice, and that Defendant's Motion Requesting Judgment on Pleadings (# 193), Motion to Amend (# 199), and Motion to Amend and Supplement (# 209) be denied.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

    August 14, 2008                       *Mary E. Stanley*
        Date                           Mary E. Stanley
                                             United States Magistrate Judge